15-2329-cr
United States v. Figueroa

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
          EDWARD R. KORMAN,
                  *District Judge.* \*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                         *Appellee*,

                  v.                                    No. 15-2329-cr

LUIS FIGUEROA,

                         *Defendant-Appellant*.

-----------------------------------------------------------------

\* The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: CHRISTOPHER BOOTH, LIPMAN & BOOTH LLC, New York, NY.

FOR APPELLEE: EDWARD B. DISKANT, Assistant United States Attorney (Joshua A. Naftalis, Adam S. Hickey, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant Luis Figueroa appeals from a judgment of conviction entered on July 17, 2015, following a four-week jury trial in which Figueroa was found guilty of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); unlawful possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.  Suppression Motions

Figueroa challenges several of the District Court's rulings denying his suppression motions related to seized evidence and various pre- and post-arrest statements.

First, Figueroa argues that evidence seized from his residence should be suppressed because the Drug Enforcement Administration ("DEA") "engaged in improper pre-authorization data collection" when his cellphone provider disclosed

2

the location of his cellphone to a DEA agent. Even assuming without deciding that the DEA engaged in an unreasonable search of Figueroa's cellphone location information, we see no reason to disturb the District Court's conclusion that "excising the entirety of" the paragraph containing the location information from the affidavit, "the remaining averments provide more than adequate support for a probable cause determination." See United States v. Martin, 426 F.3d 68, 73-74 (2d Cir. 2005).

Second, Figueroa also claims that the affidavit in support of the Government's November 15, 2011 warrant application contained material omissions designed to "avoid alerting the issuing court [to the fact] that a far more intrusive search" had already been completed. In particular, he points out that the affidavit excluded the more specific intersection location information for the cellphone, referring instead only to the fact that the cellphone was "located in Yonkers, New York." But the inclusion of the more precise cell-location information would have buttressed rather than undermined the court's probable cause determination, which was sufficiently supported by the remaining statements in the affidavit. See United States v. Thomas, 788 F.3d 345, 350 (2d Cir. 2015), cert. denied, 136 S. Ct. 848, 193 L. Ed. 2d 750 (2016).

Third, Figueroa contends that a second warrant for cell-cite location data related to the cellphone of Keisa Hernandez, his co-habitant, was improper because it relied on information obtained pursuant to the November 15 warrant and because "there was insufficient evidence that . . . Hernandez was involved in drug dealing" or that the apartment where Hernandez and Figueroa resided was the site of a multi kilogram delivery of cocaine.[1] We agree with the District Court that the information

---

[1] Because we affirm the District Court's determination that the November 15 warrant was not defective, we need not address Figueroa's argument that the warrant for

contained in the affidavit provided probable cause to believe that Figueroa was using the apartment as a drug stash house and that Hernandez lived there, used the cellphone that was the subject of the affidavit, and was involved in the drug conspiracy with Figueroa.   See United States v. Martin, 426 F.3d 68, 74 (2d Cir. 2005).

Figueroa argues that evidence obtained pursuant to the two residential warrants should be suppressed because the warrant applications relied on statements obtained in violation of Figueroa's Miranda rights.   He first claims that the statement in which he denied living at the McLean or Rochambeau apartments was made during a traffic stop prior to receiving Miranda warnings.   But the record supports the District Court's finding that Figueroa was not in custody when he made that statement, and we therefore disagree that it was obtained in violation of Miranda.   See United States v. Newton, 369 F.3d 659, 669 (2d Cir. 2004); United States v. Wong Ching Hing, 867 F.2d 754, 756 (2d Cir. 1989).

Figueroa next focuses on a post-arrest statement, made before he was advised of his Miranda rights, in which he denied residing at the McLean apartment.   In particular, Figueroa argues that the DEA's discussion after his arrest was likely to elicit from him an incriminating response related to where he lived, in violation of Rhode Island v. Innis, 446 U.S. 291 (1980).   But we have no basis for disagreeing with the District Court that Figueroa's post-arrest denials were not material to the probable cause determination for issuing the warrant and that the remaining factual allegations in the affidavit established probable cause.

Figueroa's last challenge related to his post-arrest statement made during a standard "booking" process is also unavailing because it was in response to "the sort

Hernandez's cellphone improperly relied on information obtained pursuant to the November 15 warrant.

of questions normally attendant to arrest and custody." United States v. Gotchis, 803 F.2d 74, 79 (2d Cir. 1986) (quotation marks omitted).

For these reasons, we affirm the District Court's denial of Figueroa's various suppression motions.

2. Evidentiary Rulings

In challenging the District Court's various evidentiary rulings made at trial, Figueroa first claims that the District Court improperly excluded (1) evidence impeaching Frank Hylton, a Government witness who identified Figueroa and testified that he had given drugs to Figueroa, and (2) expert testimony. Having reviewed the impeachment evidence Figueroa sought to offer, we conclude that the District Court's decision to exclude it was not an abuse of discretion and did not affect Figueroa's substantial rights. See United States v. Purdy, 144 F.3d 241, 245-46 (2d Cir. 1998) ("Extrinsic evidence offered for impeachment on a collateral issue is properly excluded.") We further conclude that the District Court did not abuse its discretion in precluding Figueroa from introducing the testimony of an expert in police-arranged identification. See Boyce v. Soundview Tech. Grp., Inc., 464 F.3d 376, 385 (2d Cir. 2006). We see no reason to disturb the District Court's assessment that the proffered witness was not qualified to testify as an expert at least in part because the testimony would not be helpful to the jury "to understand the evidence or to determine a fact in issue." United States v. Lumpkin, 192 F.3d 280, 289 (2d Cir. 1999) (quotation marks omitted).

We have considered all of Figueroa's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court